UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY MARGARET BEAVER,

Plaintiff,

v.

VISIONARY REALTY GROUP/VRG
PROPERTY MANAGEMENT, et al.,

Defendants.

No.  2:26-cv-0166 DC AC

ORDER

This case was transferred from the District of Columbia on January 21, 2026.  ECF No. 7. Plaintiff is proceeding in this action pro se.  Pre-trial proceedings are accordingly referred to the undersigned by E.D. Cal. 302(c)(21).  Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.  ECF No. 2.

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee.  See 28 U.S.C. § 1914(a).  Under 28 U.S.C. § 1915(a)(1), a pro se plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor."  See Flores v. Cal. Corr. Women's Facility, No. 1:19-cv-1509-NONE-JLT, 2020 U.S. Dist. LEXIS 110867, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs).  "An

1

affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff's IFP Application does not demonstrate that she is unable to pay the filing fee and still afford the necessities of life.  Plaintiff identified average monthly income from employment for the past 12 months as $32,560.42.  ECF No. 2 at 1-2.  The court infers that this is actually her annual income, because she listed her gross monthly pay at $4,057.55.  Plaintiff listed her anticipated "next month" income as $1,938.00.  ECF No. 2 at 1.  Plaintiff also receives $1,064.27 each month in disability/Social Security payments.  Id. at 2.  Plaintiff identified assets including $229.00 in a checking account, $245.00 in cash, and a 2005 Ford Explorer with an estimated value of $804.00.  Id. at 2-3.  Plaintiff's monthly expenses total $3,060.35 and include, among other items, $1,000 for rent and utilities, $800.00 for food, and $300.00 for recreation.  Id. at 4-5.

Plaintiff does not expect any major changes to her monthly income, expenses, assets, or liabilities in the next 12 months, other than her notation that her disability benefits are subject to periodic review and potential termination.  Id. at 5.  Thus, after deducting monthly expenses, plaintiff has an excess of approximately $997.00 per month, not including the $300.00 per month she spends on recreation.  Under these circumstances, pursuant to 28 U.S.C. § 1915(a), the court finds that plaintiff's income is sufficient to pay the one-time filing fee of $405 and still afford the necessities of life.  See Kenetta M. v. Bisignano, 2025 U.S. Dist. LEXIS 176006, *3 (S.D. Cal. Sept. 9, 2025, denying IFP motion where monthly income exceeded expenses by $863.00); Segobia v. Saul, No. 19-CV-1661-NLS, 2019 U.S. Dist. LEXIS 156170, at *6 (S.D. Cal. Sept. 12, 2019) (denying in forma pauperis motion where monthly income exceeded monthly expenses by $600).

Accordingly, IT IS HEREBY ORDERED plaintiff's motion to proceed IFP (ECF No. 2) is DENIED and that her motion for an order to defer costs (ECF No. 6) is DENIED as MOOT.

////

////

2

Plaintiff must pay the filing fee within 30 days of this order.  If plaintiff fails to pay the filing fee, this case will be dismissed for failure to prosecute.

DATED: January 26, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3